LEWIS DE GROFF & SON v. RAGONA.

(Supreme Court, Appellate Term, First Department. March 22, 1916.)

PRINCIPAL AND SURETY ⬤⟿159—ACTIONS—EVIDENCE—SUFFICIENCY.

Where defendant executed a written agreement conditioned that a salesman already in plaintiff's employ should account for all moneys, goods, and collections that might come into his possession, plaintiff, in order to recover on the agreement, must show that any moneys coming into the salesman's possession and for which he failed to account were received after the execution of the agreement.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 428–435; Dec. Dig. ⬤⟿159.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Lewis De Groff & Son against Salvatore Ragona. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Achille J. Oishei, of New York City, for appellant.

Rollins & Rollins, of New York City (Elmer E. Wigg, of New York City, of counsel), for respondent.

WEEKS, J. Plaintiff has recovered a judgment against the defendant for the sum of $305, besides costs, arising out of the following circumstances:

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

One Azara had entered the employment of the plaintiff as a salesman. His term commenced on September 20, 1913 and he continued in plaintiff's employ until some time in February, 1915. On October 15, 1914, the defendant herein entered into an agreement in writing with the plaintiff that:

"Said salesman [Azara] will on his part well, promptly, and faithfully account for and pay and deliver to Lewis De Groff & Son all moneys, collections, and goods which shall come into the control and possession of said salesman."

Claiming that Azara had collected and failed to account for $305, the plaintiff brought this action upon said instrument. Upon demand a bill of particulars was furnished, containing an itemized statement of moneys collected by Azara from customers of plaintiff which he had failed to turn over, but nothing appeared therein showing when such collections were made. It was stipulated upon the record that the defendant was not liable under his agreement of indemnity with plaintiff for collections made prior to October 15, 1914, and although it was stipulated by the respective attorneys that Azara had collected from plaintiff's customers said sum of $305 and had failed to turn it over to plaintiff, "for the reason, as he claims, that the plaintiff owes him for overcharges and deductions in a sum far in excess of said amount," although the defendant made no effort to sustain such claim, it was nowhere shown how much of said amount was collected after defendant became the surety of Azara. This was an essential part of the plaintiff's affirmative proof, and for a failure in this respect there must be a new trial.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.